Nariman Seyed Teymourian
125 Greenley Road
New Canaan,
Connecticut 06840
Ph: 415 378-3237
*Defendant In Pro Per*



FILED
AUG 15 2024
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>**Nariman Seyed Teymourian,**<br><br>　　　　　　Debtor(s).<br><br>_____<br><br>**Sarah L. Little, Chapter 7 Trustee,**<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>**Nariman Seyed Teymourian,**<br><br>　　　　　　　Defendant<br>_____ | Adv. No. 24-03027<br>Case No. 23-30668 DM<br>Chapter 7<br><br>**ANSWER TO COMPLAINT OBJECTING TO THE DISCHARGE OF DEBTOR**<br><br>[11 U.S.C. §727(a)] |

Debtor and Defendant, Nariman Seyed Teymourian (hereinafter referred to as "Defendant" or "Debtor") answers the complaint as follows:

<u>JURISDICTION AND VENUE</u>

1

1. The allegations in paragraph 1 are conclusions of law and therefore no response is required. To the extent that a response is required, the Defendant admits the allegations.

2. The allegations in paragraph 2 are conclusions of law and therefore no response is required. To the extent that a response is required, the Defendant admits the allegations.

3. Defendant consents to the entry of final orders or judgment in this adversary proceeding.

4. Defendant admits the factual allegations as set forth in paragraph 4

5. The allegations in paragraph 5 are conclusions of fact for which the Defendant has no firsthand knowledge, and on that basis, Defendant denies the statements.

6. Defendant admits the statements in paragraph 6.

7. Defendant admits that Plaintiff requested documents and financial records of his financial condition.

8. Defendant denies that he has failed to cooperate with the Plaintiff and denies that he has failed to provide documents to the Plaintiff.

9. Defendant admits that he failed to list the Menlo Country Club membership in in his schedules but is without sufficient information and belief to admit that the membership is a "membership interest" and on that basis, denies the allegations.

## FIRST CLAIM FOR RELIEF
(Denial of Discharge Pursuant to 11 U.S.C. §727(a)(2)(A)

10. Paragraph 10 realleges the allegations as set forth in paragraph 1 – 9, Defendant restates his answers as set forth in paragraphs 1 – 9 hereinabove.

11. The Defendant denies each and every allegation as set forth in paragraph 11.

12. Plaintiff asserts a legal conclusion based upon erroneous information as set forth in paragraph 12, and on that basis, the Defendant denies the allegations.

2

Case: 24-03027    Doc# 7    Filed: 08/15/24    Entered: 08/15/24 16:34:28    Page 2 of 6

## SECOND CLAIM FOR RELIEF
(Denial of Discharge Pursuant to 11 U.S.C. §727(a)(3))

13. Answering paragraph 13, Defendant re-alleges and incorporates herein by reference his responses to the allegations in paragraphs 1-12.

14. The Defendant denies the allegations in paragraph 14.

15. The Defendant denies the allegations in paragraph 15.

16. Plaintiff asserts a legal conclusion based upon erroneous information as set forth in paragraph 16, and on that basis, the Defendant denies the allegations.

## THIRD CLAIM FOR RELIEF
(Denial of Discharge Pursuant to 11 U.S.C. §727(a)(4)(A) and (D))

17. Answering paragraph 17, Defendant re-alleges and incorporates herein by reference his responses to the allegations in paragraphs 1-16.

18. The Defendant denies the allegations in paragraph 18.

19. The Defendant denies the allegations in paragraph 19.

20. Plaintiff asserts legal conclusions based upon false or erroneous information as set forth in paragraph 20, and on that basis, the Defendant denies the allegations.

21. Plaintiff asserts legal conclusions based upon false or erroneous information as set forth in paragraphs 1-5, the final Prayer for relief as stated by the Plaintiff and on that basis, the Defendant denies each and every allegation.

## NEW MATTER IN SUPPORT OF AFFIRMATIVE DEFENSES

22. Defendant did forward to the Plaintiff drop box links with a volume of documents. The drop box links were forwarded to the Chapter 7 Trustee Sara Little (herein referred to as the "Trustee") directly from the Defendant's computer. The documents provided were believed by Defendant to respond to all of the Trustee's requests for information.

23. Defendant did not own an equity interest in the Menlo Park Country Club (referred to as the "Country Club membership"), and did not believe that his interest could be sold or transferred.

24. Defendant's case was not filed as a Chapter 7 liquidation, Defendant was not seeking to discharge debt when the schedules were originally filed. Because of the foregoing, the Defendant did not understand and was not properly advised that the Country Club membership was an asset that needed to be listed.

25. The Defendant relied upon his attorney to advise him as to whether the defaulted Country Club membership had any value. Documents were provided to Debtor's counsel and Debtor's counsel did not consider that Country Club membership to be an asset. The failure to list the Country Club membership in the Debtor's schedules was due to the assessment of the attorney.

26. Defendant's case was originally filed as a Chapter 11 case to save Defendant's home after it was wrongfully foreclosed due to misapplication of mortgage payments in contravention to how each mortgage payment was labeled for its intended application. Defendant's original intent in filing the case was to obtain the automatic stay and the jurisdiction of the Bankruptcy Court to adjudicate the issues underlying what Defendant believed was the wrongful foreclosure of his home and the misapplication of mortgage payments by Defendant's creditor. The Country Club membership's omission from the original schedules was not intentional, all other assets with value owned by the Debtor were listed on the schedules.

27. The Defendant did not conceal that he was a member of a country club and when questioned by the Trustee directly the Defendant has always been honest and forthcoming.

**FIRST AFFIRMATIVE DEFENSE**

4

28. FAILURE TO STATE A CLAIM:

(a) Defendant incorporates the statements as set forth in paragraphs 22 – 27 hereinabove.

(b) Defendant did not conceal any information for the purpose of hindering, delaying or defrauding the Trustee and therefore a claim for relief under 727(a)(2)(A) does not exist.

(c) Defendant gave to the Trustee volumes of documents as requested by the Chapter 7 Trustee. Such documents were forwarded to the Trustee electronically and the Defendant continued to cooperate with the Trustee and was unaware that she was not able to open the documents links. A cause of action for denial of discharge under 727(a)(3) does not exist.

(d) The Defendant provided information to his attorney for the chapter 11 schedules and relied upon his attorney to advise him what information needed to be added to the schedules and with what level of particularity. Defendant has cooperated with the Chapter 7 Trustee even though his attorney has abandoned any efforts to assist him and remains attorney of record. Defendant did not knowingly conceal an asset from the Chapter 7 Trustee or knowingly fail to cooperate with the Chapter 7 Trustee. Defendant has tried to cooperate in every way possible and to work around his non-responding attorney. Defendant did furnish a volume of documents to the Chapter 7 Trustee with a drop box link. Causes of action for denial of discharge under 727(a)(4)(A) and (D) do not exist.

WHEREFORE, the Defendant prays that this Court enter an Order;

1. Defendant prays that Plaintiff's requests be denied on the basis of 727(a)(2)(A),(3) and (4)(A) and (D) and that he be allowed to receive the benefit of a discharge in this case.

2. Debtor further prays for such other and further costs, fees, and expenses and/or other and further relief as the court finds necessary and proper.

Dated: August 12, 2024

Respectfully Submitted

/s/ _____
Defendant In Pro Per