ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Plaintiff, Chapter 7 Trustee Sarah L. Little

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Nariman Seyed Teymourian,<br><br>Debtor. | Case No. 23-30668 DM<br><br>Chapter 7 |
| Sarah L. Little, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>Nariman Seyed Teymourian,<br><br>Defendant. | Adv. Proc. No. 24-03027<br><br>**PLAINTIFF'S STATUS CONFERENCE STATEMENT**<br><br><br><br>Date: May 30, 2025<br>Time: 1:30 p.m.<br>To be held Via-Tele/Videoconference |

Plaintiff, Sarah L. Little, Chapter 7 Trustee of the bankruptcy estate of Nariman Seyed Teymourian ("Plaintiff") submits the following status conference statement.

Plaintiff's Status Conference Statement -1-

## I. Nature of Case.

The Complaint in this matter was filed on July 16, 2024. The Complaint asserts three (3) claims for denial of the debtor's discharge pursuant to 11 U.S.C. Sections 727(a)(2)(A), (a)(3), and (a)(4)(A) and (D).

## II. Status of Pleadings.

The Complaint, Summons and Order Re Initial Disclosures and Discovery Conference was served on the Defendant on July 19, 2024. The Defendant filed his answer pro per, on August 15, 2024.

## III. Status of Initial Disclosures and Discovery.

Plaintiff served her Initial Disclosures on Defendant on September 3, 2024. The Debtor has not served his Initial Disclosures. The Court had previously set discovery deadlines which were later vacated pursuant to a stipulation of the parties and an order of the court approving the stipulation. The genesis of the stipulation was the fact that Brette Evans substituted into the main case for Debtor and worked with the Debtor to provide documents to the Trustee by the end of December 2024. The Debtor, through Ms. Evans' office, did provide documents to the Trustee. The documents are currently being reviewed by the Trustee and her accountants to determine if additional formal discovery from the Debtor will be needed. Plaintiff worked with the Defendant on a date for his deposition and noticed the deposition of defendant on a date agreed to by the Defendant, March 11, 2025. The deposition was to be conducted via Zoom. Defendant did appear for deposition albeit from Sierra Leone. The deposition was plagued by power outages at Defendant's location which then resulted in the loss of Wi-Fi signal for the Defendant. Ultimately, the deposition could not be completed. Plaintiff worked with Defendant on rescheduling and was told he would be back in the Country in the middle of March. A continued date for the deposition was set and notice of the continued date was given. The Defendant failed to appear for the continued deposition. When contacted, Defendant indicated he was still in Sierra Leone and did not get the notice (notwithstanding none of the emails to him went undelivered).

## IV. Settlement/ADR

The Trustee herself has suggested to Defendant that he might consider stipulating to a denial

Plaintiff's Status Conference Statement -2-
Case: 24-03027 Doc# 22 Filed: 05/13/25 Entered: 05/13/25 13:29:04 Page 2 of 4

of his discharge, but she had not heard back from.

### V. Trial Setting

The Plaintiff suggests that at this time the Court should set a trial date. The Plaintiff believes that the testimony given by the Defendant at the first day of his deposition will be sufficient for her case. There is no further discovery that Plaintiff needs. There is at least one witness that Plaintiff will most likely want to subpoena for trial so a trial date in mid to late August should work and allow time to work with potential witnesses. Plaintiff anticipates no more than a day for trial.

Dated: May 13, 2025						Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

						By: /s/ Eric A. Nyberg
						Eric A. Nyberg (Bar No. 131105)
						Attorneys for Plaintiff Sarah L. Little, Chapter 7 Trustee

# DECLARATION OF SERVICE

I, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 1970 Broadway, Suite 600, Oakland, California 94612.

I am readily familiar with the business practices of my employer, Kornfield, Nyberg, Bendes, Kuhner & Little, P.C., for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business unless indicated below by electronic service.

On May 13, 2025, I served the following documents:

**PLAINTIFF'S STATUS CONFERENCE STATEMENT**

by placing copies of said documents in a sealed envelope by first class mail and served in the manner described below addressed as follows:

| *First Class Mail and Via-Email* | *Via-Email* evanslawoffices@gmail.com |
|---|---|
| narimantey@gmail.com | Brette L. Evans |
| Nariman Seyed Teymourian | Kelly Klokow |
| 125 Greenley Road | Evans Law Offices |
| New Canaan, CT 06840 | 255 N. Market Street, Suite 110 |
| | San Jose, CA 95110 |

I placed such envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the addressee designated.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day May, 2025 at Danville, California.

/s/ Gail A. Michael